```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3   UNITED STATES OF AMERICA,      ) CRIMINAL ACTION NO.:
                                    ) 22-0378-DLF
 4             Plaintiff,           )
          vs.                       )
 5                                  )
     LEROY FRYE,                    )
 6                                  ) Washington, D.C.
               Defendant.           ) November 20, 2023
 7   _____) 9:52 a.m.

 8

 9               Transcript of Plea Agreement Hearing
              Before the Honorable Dabney L. Friedrich
10                  United States District Judge

11

12   APPEARANCES:

13   For the Government: Joshua Adam Gold, Esquire
                         U.S. Attorney's Office
14                       601 D Street NW
                         Washington, DC 20001
15

16   For the Defendant:  Cary Clennon, Esquire
                         P.O. Box 29302
17                       Washington, DC 20017-0302

18

19

20

21   Reported by:        Christine T. Asif, RPR, FCRR
                         Official Court Reporter
22                       United States District Court
                         for the District of Columbia
23                       333 Contitution Avenue, NW
                         Washington, D.C., 20001
24                       (202) 354-3247

25   Proceedings recorded by machine shorthand; transcript produced
     by computer-aided transcription
```

```
 1                      P R O C E E D I N G S
 2              THE CLERK:  Your Honor, we're in criminal action
 3    22-378-4, the United States of America versus Leroy Frye.
 4              If I can have counsel please approach the podium
 5    state their names for the record.
 6              MR. GOULD:  Good morning, Your Honor.  Josh Gould on
 7    behalf of the United States.
 8              THE COURT:  Good morning, Mr. Gould.
 9              MR. CLENNON:  Good morning, Your Honor.  Cary
10    Clennon on behalf of Mr. Frye, who's present.
11              THE COURT:  All right.  Good morning Mr. Clennon.
12              Good morning, Mr. Frye.
13              I understand Mr. Frye's ready to proceed with a
14    plea; is that correct?
15              MR. CLENNON:  Yes, Your Honor.
16              THE COURT:  All right.  Have there been any changes
17    to the documents that we received last week?
18              MR. GOULD:  Your Honor, there's no changes to the
19    documents I don't believe.  However, the only thing that I'd
20    note is in the documents we talk about Mr. Frye being stepped
21    back pending sentencing.  We received the pretrial compliance
22    report yesterday.  Government, having looked at it, told
23    defense that if the defense moves for his release pending
24    sentencing, that the government would not oppose given his --
25              THE COURT:  You would what?
```

1          MR. GOULD:  Not oppose, given his stellar compliance
2     on pre -- on his stellar pretrial compliance.
3          THE COURT:  So does the Court have the authority to
4     leave him out post plea?
5          MR. GOULD:  Yes.  For just a 922(g) charge, I
6     believe that is the case.
7          THE COURT:  Okay.  So conditions have been set in
8     this case, you would just ask that --
9          MR. GOULD:  The same.
10          THE COURT:  -- continue him on the same
11     conditions.
12          MR. GOULD:  Yes, Your Honor.  I mean, it's up to the
13     defense, I assume that will be the preference of the defense,
14     but the government --
15          THE COURT:  Would not oppose that.
16          MR. GOULD:  Yes.
17          THE COURT:  All right.  Mr. Clennon, do you know
18     what your position will be on this?  Are you going to ask that
19     the Court keep Mr. Frye out of custody pending sentencing.
20          MR. CLENNON:  Yes, Your Honor.
21          THE COURT:  Okay.  All right.  If I could have him
22     come up as well.
23          Mr. Frye, if you could come up to the podium.
24          Good morning, sir, how are you?
25          THE DEFENDANT:  I'm fine.

1          THE COURT:  So I'm going to go ahead and have the

2    deputy clerk administer the oath to you, Mr. Frye.

3          THE DEFENDANT:  Huh?

4          THE COURT:  I'm going to ask Mr. Hopkins to swear

5    you in for the plea.

6          THE CLERK:  Please raise your right hand, sir.

7          (Defendant sworn.)

8          THE DEFENDANT:  Yeah.

9          THE CLERK:  Thank you.

10          THE COURT:  All right.  Mr. Frye, do you understand

11    now that you've been placed under oath.  You could be

12    prosecuted for perjury or for making a false statement if you

13    were to testify falsely here today?

14          THE DEFENDANT:  Okay.

15          THE COURT:  You understand?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Okay.  I'm going to ask you a series of

18    questions to make sure that you understand your rights and

19    that this plea is voluntary.  If at any point you don't

20    understand my question, I want you to ask me to repeat the

21    question or explain the question, or ask for time to talk to

22    your attorney privately.  It's critical for a valid plea that

23    you understand every question before answering it.  Do you

24    understand that?

25          THE DEFENDANT:  Yes.

1    THE COURT:  Can you tell me, were you born here in

2    the United States?

3    THE DEFENDANT:  Yeah.

4    THE COURT:  Where were you born?

5    THE DEFENDANT:  Washington D.C.

6    THE COURT:  Okay.  What year were you born?

7    THE DEFENDANT:  1991.

8    THE COURT:  How far did you go in school?

9    THE DEFENDANT:  I went into the 11th.

10   THE COURT:  11th grade?

11   THE DEFENDANT:  Yes.

12   THE COURT:  Did you complete the 11th grade?

13   THE DEFENDANT:  No, I don't think so.

14   THE COURT:  All right.  So you completed the 10th

15   grade?

16   THE DEFENDANT:  Yeah.

17   THE COURT:  Were you -- are you able to read and

18   write the English language?

19   THE DEFENDANT:  Yes.

20   THE COURT:  All right.  Have you taken any drugs or

21   any medications or anything else in the last two days that

22   might interfere with your ability to follow these proceedings?

23   THE DEFENDANT:  No.

24   THE COURT:  Is there any other reason that might

25   make it difficult for you to follow these proceedings?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Have you received a copy of the second

3  superseding indictment, which was filed on November 14th of

4  2023, which contains the written charges against you in this

5  case?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Did you read it?

8          THE DEFENDANT:  I guess one time.

9          THE COURT:  Did you understand it?

10          THE DEFENDANT:  Kind of, it's like --

11          THE COURT:  Sorry?

12          THE DEFENDANT:  I said kind of.

13          THE COURT:  All right.  Tell me what you understand

14  from the superseding indictment, what do you understand the

15  charges to be against you?

16          THE DEFENDANT:  I've been charged with 922(g).

17          THE COURT:  And do you understand that that's

18  unlawful possession of a firearm and ammunition by a person

19  convicted of a crime punishable by imprisonment for a term

20  exceeding one year?

21          THE DEFENDANT:  Yeah.

22          THE COURT:  All right.  Does counsel for either side

23  question Mr. Frye's competence to enter a plea at this time.

24          Mr. Clennon?

25          MR. CLENNON:  No, Your Honor.

1          THE COURT:  Mr. Gould?

2          MR. GOULD:  No, Your Honor.

3          THE COURT:  All right.  Based on Mr. Frye's answers

4   to my questions and counsel's representations, I do find he's

5   fully competent and capable of entering an informed plea.

6          So Mr. Frye, I understand that instead of going to

7   trial you wish to plead guilty to the 922(g)(1) offense; is

8   that correct?

9          THE DEFENDANT:  Yes.

10          THE COURT:  All right.  Before we go over the terms,

11   some of the terms of the plea agreement, let me ask,

12   Mr. Gould, does this represent the most lenient offer made to

13   Mr. Frye in this case?

14          MR. GOULD:  Um -- I mean, all offers have been to

15   this charge.  The only difference was that the government was

16   intending to include Mr. Frye in the conspiracy charge in the

17   superseding indictment, but he agreed to plea.  So in that

18   way, yes, it is the most lenient charge.

19          THE COURT:  Okay.  You agree with that, Mr. Clennon?

20          MR. CLENNON:  Yes, Your Honor.

21          THE COURT:  You all are both hesitating a little

22   bit, why is that?

23          MR. CLENNON:  Well, the only difference I think

24   between the initial plea offer and this plea offer is that the

25   government has identified sentencing guideline enhancements

1    they will advocate for.

2            THE COURT:  Now without him being charged in the

3    conspiracy?

4            MR. GOULD:  That's true, Your Honor.

5            THE COURT:  All right.  Did you communicate the

6    earlier offer to Mr. Frye?

7            MR. CLENNON:  Yes, I did.

8            THE COURT:  Is that correct, Mr. Frye?

9            THE DEFENDANT:  Yes.

10            THE COURT:  And you rejected that earlier offer that

11    had you pleading to a conspiracy as well as a 920 -- no.

12            MR. CLENNON:  No, it was just the 922(g) without

13    enhancements, guideline enhancements.

14            THE COURT:  All right.  So he rejected that plea

15    offer?

16            MR. CLENNON:  Yes.

17            THE COURT:  Is that true, Mr. Frye?

18            THE DEFENDANT:  Yes, I think -- was that the plea

19    offer the first day I came to court?

20            THE COURT:  I don't -- was that the plea offer?

21            MR. CLENNON:  Very close to, yes.  And enhancements

22    were not identified at that time, that's the only difference

23    between today's offer.

24            THE COURT:  So it wasn't -- Mr. Gould, it wasn't

25    that the government intended to offer a more lenient plea

1    offer, it's just that the government wasn't focused on the

2    fact that certain enhancements would apply; is that fair?

3            MR. GOULD:  Just further investigation, Your Honor,

4    revealed that enhancements apply.

5            THE COURT:  I see.  Okay.  But again, Mr. Frye, you

6    rejected that initial plea offer that was either when you came

7    to court the first time or soon after; is that correct?

8            THE DEFENDANT:  Yeah.

9            THE COURT:  All right.  I want to hold up the plea

10   agreement in this case.  Do you have a copy in front of you

11   this November 7th plea agreement, dated November 7th?

12           THE DEFENDANT:  Yes.

13           THE COURT:  And I'm going to hold up the last page,

14   which is page 12, do you see your signature on that page?

15           THE DEFENDANT:  Yes.

16           THE COURT:  All right.  And did you read this plea

17   agreement before signing it?

18           THE DEFENDANT:  Which one the -- this one right

19   here?

20           THE COURT:  Yes, the one you signed?

21           THE DEFENDANT:  Yes.

22           THE COURT:  All right.  And did you discuss it with

23   your lawyer before you signed it?

24           THE DEFENDANT:  Not today but last week.

25           THE COURT:  All right.  You did discuss it, but not

1  today?

2          THE DEFENDANT:  Yeah, not today.

3          THE COURT:  All right.  Do you understand the plea

4  agreement?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Is this the agreement you wish to enter?

7          THE DEFENDANT:  Yeah.

8          THE COURT:  All right.  Attached to the plea

9  agreement is another document called the Statement of Offense.

10  Do you have a copy of that in front of you?

11          THE DEFENDANT:  No, Your Honor.

12          THE COURT:  All right.  Your attorney's getting it.

13  Do you see that document?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And I'm turning to the last page and

16  holding up here for you to see, do you see your signature on

17  that last page?

18          THE DEFENDANT:  Yeah.

19          THE COURT:  Did you also read this document before

20  signing it?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And you discussed it fully with your

23  lawyer?

24          THE DEFENDANT:  This one right here, right.

25          THE COURT:  The statement of offense, yes?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Do you have any questions about

3     it?

4          THE DEFENDANT:  No.

5          THE COURT:  All right.  Do you agree that the facts

6     in the statement of offense are true and actually what

7     occurred in this case?

8          THE DEFENDANT:  Yeah.

9          THE COURT:  Okay.  I want to just review a few key

10    facts from the statement of offense with you, Mr. Frye, to

11    make sure that you understand what you're admitting here.

12          Is it true that on November 3rd of 2021, at 2:15 K

13    Street SW, the FBI executed a search warrant on that address

14    and you were there at that time; is that all true?

15          THE DEFENDANT:  Yes.  Yes, Your Honor.

16          THE COURT:  And is it true when the FBI executed the

17    search you were in the living room of that residence?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Is it also true that inside the kitchen,

20    which also was on the first floor, like the living room, the

21    FBI found a .40 caliber semi-automatic pistol with a magazine

22    capable of holding 14 rounds with one round in the chamber and

23    14 rounds in the magazine; is that true?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  And that was a firearm that you

1    possessed?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And at that time that you possessed the

4    firearm here in Washington D.C., you knew that you had been

5    convicted of a crime that had been punishable by imprisonment

6    for a term over 1 year?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  So you knew you had been convicted of a

9    felony before that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  All right.

12             Anything else, Mr. Gould, the government would like

13   on the record?

14             MR. GOULD:  The only thing, Your Honor --

15             THE COURT:  The gun was --

16             MR. GOULD:  Yes, I just noticed that, the gun

17   traveled in interstate commerce.

18             THE COURT:  Is that not in the statement of offense?

19             All right.  So Mr. Frye, in order to be convicted of

20   this offense, the government has to prove that the gun in this

21   case was not manufactured in D.C.  In other words, that the

22   gun traveled across state lines in interstate commerce.  Do

23   you agree that that firearm was not manufactured here in

24   Washington D.C.?

25             THE DEFENDANT:  Can you repeat it again?

1          THE COURT:  All right.  One of the elements of the

2   offense is that the firearm or ammunition had been transported

3   in interstate commerce.  That means from a state outside of

4   D.C. into D.C.  Do you understand that?  That's an element

5   that the government would have to prove to convict you of this

6   offense, do you understand that?

7          THE DEFENDANT:  I'm not really understanding.

8          THE COURT:  All right.  You want to take just a

9   moment with him, Mr. Clennon, just to explain the situation.

10          MR. CLENNON:  Yes, Your Honor.

11          MR. GOULD:  My apologies, Your Honor.

12          THE COURT:  So do we need -- I think you might need

13   to amend the statement of offense to include this.

14          MR. GOULD:  Can I just write it in?

15          THE COURT:  Yeah, well, why don't you have -- and

16   I'll give you the original.

17          (Pause in the proceedings.)

18          THE COURT:  So, Mr. Frye, I'm going to ask you

19   again, do you understand that the government has to prove that

20   that firearm was transported into D.C. from a state outside

21   D.C.?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  And do you agree that firearms are not

24   manufactured here in D.C., that the government could prove

25   that fact?

1              THE DEFENDANT:  Yeah, Your Honor.

2              THE COURT:  You do, yes?

3              THE DEFENDANT:  Yes.

4              THE COURT:  All right.  So the government is

5     modifying the statement of facts to include a sentence that

6     states what Mr. Clennon, exactly?  Can you put on the

7     record.

8              MR. CLENNON:  The firearm traveled in interstate

9     commerce.

10             THE COURT:  All right.  And you understand,

11    Mr. Frye, the government could prove that fact at trial?  You

12    understand the government could prove that that firearm was

13    transported across state lines into D.C.?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  All right.  And so can you initial that

16    added sentence to the statement of facts?

17             THE DEFENDANT:  Can you repeat that again?

18             THE COURT:  Can you take a moment, read the sentence

19    that's been added to the document, that you've already signed,

20    and tell me if you agree with that sentence.

21             (Counsel confering with client.)

22             THE COURT:  Okay.  Mr. Frye, I see here that you've

23    initialed the statement "the firearm traveled in interstate

24    commerce"; is that correct?

25             THE DEFENDANT:  Yeah.

1          THE COURT:  And you understand that's a fact the

2    government could prove at trial?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Mr. Gould, could you state the elements

5    of the offense.

6          MR. GOULD:  Yes, Your Honor.  The elements of the

7    offense are that the defendant knowingly possessed a firearm

8    or ammunition.  That the firearm or ammunition had been

9    shipped and transported in interstate commerce.  And that at

10   the time the defendant possessed the firearm or ammunition,

11   the defendant had been convicted of a crime punishable by

12   imprisonment for a term exceeding one year and had knowledge

13   of that fact.

14          THE COURT:  Do you understand, Mr. Frye, what the

15   government would have to prove to convict you of these

16   charges?  Do you understand that's what the government would

17   have to prove in order to convict you at trial?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  You do.  Okay.  Tell me what your prior

20   conviction was for?

21          THE DEFENDANT:  Which one?

22          THE COURT:  Was -- is there more than one before

23   this possession charge?

24          MR. CLENNON:  Yes, the --

25          THE COURT:  But tell me what the most recent felony

1    that you've been convicted of?

2              THE DEFENDANT:  Possession of cocaine.

3              THE COURT:  Possession of cocaine?

4              THE DEFENDANT:  Yeah.

5              MR. CLENNON:  Possession with intent to distribute?

6              THE DEFENDANT:  Intent to distribute.

7              THE COURT:  Possession with intent to distribute

8    cocaine?

9              THE DEFENDANT:  Yeah.

10             THE COURT:  All right.  And you understood that was

11   a felony?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  All right.  Mr. Frye, under this plea

14   agreement, the government has agreed that the U.S. Attorney's

15   Office will not prosecute you further for the conduct that's

16   set forth in this statement of offense that we just talked

17   about.  Do you understand that?

18             THE DEFENDANT:  Can you repeat it again?

19             THE COURT:  Do you understand that the government

20   will not prosecute you further, by that I mean the U.S.

21   Attorney's Office here in D.C. is not going to prosecute you

22   again for the information that's contained in this statement

23   of offense, you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And you also -- is this the only count

1    with which he's charged in the indictment?

2              MR. GOULD:  Yes, Your Honor.

3              THE COURT:  All right.  Okay.  Do you also

4    understand, Mr. Frye, that the offense to which you're

5    pleading guilty to has a maximum sentence of ten years in

6    prison, is that -- is that still correct, Mr. Gould, or did it

7    go up?

8              MR. GOULD:  That's still correct based on the timing

9    of this offense.

10             THE COURT:  I see.  Okay.  So the maximum sentence I

11   could impose in this case for this offense is ten years.  Do

12   you understand that?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Do you also understand that the maximum

15   fine I would impose, if I thought you could afford to pay a

16   fine, is $250,000.  Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Do you understand that after serving a

19   term of imprisonment for this offense, you could be subject to

20   a term of supervised release of up to three years, do you

21   understand that?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  And do you also understand that you'd be

24   required to pay any interest or penalties on any fines that

25   weren't timely made?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand you're agreeing to pay

3   a special assessment of $100 to the clerk of this court?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Do you understand that -- do you know

6   what supervised release means?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  All right.  Just to make sure we're on

9   the same page, I want you to understand that if you are on

10  supervised release, that means you are subject to certain

11  conditions and certain rules, which you would have to comply

12  with.  And if you failed to do so, you could be sent back to

13  prison to serve an additional period in jail.  Do you

14  understand that?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  And do you understand that parole has

17  been abolished for federal charges, so that means that you

18  will serve any sentence I impose minus a short amount of time

19  for good time credit, if you qualified for that.  Do you

20  understand?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  As part of your plea agreement, you've

23  consented to forfeit the gun in this case, the .40 caliber

24  pistol, a Glock 9mm pistol, two Glock 23 .40 caliber pistols,

25  multiple magazines with ammunition, and several plastic bags

1    containing substances and a phone.  Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  There -- is there a consent order of

4    forfeiture in this case, Mr. Gould?

5              MR. GOULD:  No, Your Honor, we could -- we can draft

6    one before --

7              THE COURT:  I'm not -- I've seen it both ways.  I

8    don't know why sometimes you all have one and sometimes you

9    don't.  But I was just wondering whether there's -- if there

10   is one, that's something that I would need to impose at

11   sentencing; is that right?

12             MR. GOULD:  Yes.

13             THE COURT:  Okay.  Mr. Frye, you understand that the

14   Sentencing Guidelines apply to this offense, do you understand

15   that, the U.S. Sentencing Guidelines?  Have -- these are the

16   Sentencing Guidelines, this is an old book, but do you

17   understand that there are sentencing guidelines that the Court

18   has to calculate in deciding where to sentence you?

19             THE DEFENDANT:  Oh, yes, Your Honor.

20             THE COURT:  Okay.  Now, these guidelines are

21   advisory, which means the Court doesn't have to follow them,

22   but the Court does have to go through the guidelines, you

23   understand that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And I take it from the plea agreement,

1    and in particular I'm looking at pages 2 through 6 of the plea

2    agreement, I take it from that language that you and your

3    attorney have discussed how these guidelines might apply in

4    this case; is that true?

5                THE DEFENDANT:  I go through it now so I can see --

6                THE COURT:  All right.  But this is the plea

7    agreement you said you read; is that correct?

8                THE DEFENDANT:  Yes, I read it like last week.  I

9    ain't read --

10               THE COURT:  All right.  You -- do you recall talking

11   with your attorney about how these guidelines might apply to

12   your case and what sort of period of imprisonment you might be

13   looking at?  Do you recall that?

14               THE DEFENDANT:  Yes, Your Honor.

15               THE COURT:  And do you understand under the

16   guidelines this is just an estimate, you need to understand,

17   but this estimate predicts, based on your offense level and

18   your criminal history, that your guidelines sentencing range

19   is 84 to 105 months in prison, do you understand that?

20               THE DEFENDANT:  No, I thought my guidelines is

21   estimated D.

22               THE COURT:  I'm sorry can you say that again?

23               THE DEFENDANT:  I said I thought my guidelines were

24   estimated D was 57 to 71 months.

25               THE COURT:  Well, that's not what this says.

1          Mr. Clennon, have you reviewed this with Mr. Frye.

2          MR. CLENNON:  Yes, Your Honor.

3          MR. GOULD:  Your Honor --

4          MR. CLENNON:  This is the original.

5          MR. GOULD:  Just to be clear, the guidelines --

6    sorry, the guidelines as was agreed to, based on the facts in

7    the statement of offense, and I'm looking at page 4 right now,

8    box D, or -- D, would be 57 to 71 months.  However, the

9    government reserves the right to put on evidence that this was

10   in connection with another felony offense in connection with

11   the drug possession.

12          THE COURT:  I see.  I see.  Okay.

13          MR. GOULD:  And then it would be 84 to 105.

14          THE COURT:  All right.  So, Mr. Frye, sorry, I

15   didn't state that correctly.  You are correct, that your

16   guideline range for this offense is 57 months to 71 months.

17   That's the estimate that your attorney and the government

18   attorney is giving the Court and you.  Do you understand that?

19          THE DEFENDANT:  Yes, ma'am.

20          THE COURT:  In addition, the government has reserved

21   the right to argue that a -- an adjustment, an upward

22   adjustment applies under the guidelines.  You haven't agreed

23   to that, but the government has reserved the right to argue

24   that, based on this adjustment, I should sentence you

25   somewhere between 84 and 105 months.  Do you understand that?

1                THE DEFENDANT:  Yes, Your Honor.

2                THE COURT:  All right.  That's not anything you've

3     agreed to.  And it seems like that's going to be an issue that

4     I will have to resolve at sentencing.  But I want you to

5     understand that the government thinks, based on its

6     calculations -- and I don't know if they're right at this

7     point.  I don't know all the facts at this point -- but

8     they're warning you that in their view the sentencing

9     guideline range could be 84 to 105 months.  And I want to make

10    sure you understand that.

11                THE DEFENDANT:  Yeah, Your Honor.

12                THE COURT:  Yes?

13                THE DEFENDANT:  Yes, Your Honor.

14                THE COURT:  And you understand that the estimated

15    guideline fine range is -- and again this is if I find you can

16    afford a fine -- the fine range would be $15,000 to $150,000;

17    do you understand that?

18                THE DEFENDANT:  Yes, Your Honor.

19                THE COURT:  Do you understand that the sentence I

20    impose could be different from any estimate that your attorney

21    or the government attorney thinks it might be?

22                THE DEFENDANT:  Can you repeat it one more time,

23    please?

24                THE COURT:  Do you understand that the sentence I

25    impose could be different than your attorney thinks it might

1    be or the government's attorney thinks it might be?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  And do you understand that I won't know

4    exactly what your guideline range is until I've had a chance

5    to review the presentence report that will be prepared before

6    sentencing for me to learn more about this case.  And at that

7    time I will calculate the guidelines.  Do you understand that?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  And do you understand that both you and

10   the government will have a chance to challenge the facts that

11   are reported to me by the probation officer?  Do you

12   understand that?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  You'll also have a chance to object to

15   the guidelines that the probation officer tells the Court they

16   should be.  Do you understand that?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  You understand that the guideline range

19   is where the Court has to start in determining what your

20   sentence is, but the Court doesn't have to end there, because

21   the guidelines are just advisory, they're not binding on me.

22   Do you understand that?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  And do you understand that I can

25   sentence you anywhere within the guideline range that I find,

1    above the guideline range that I find, or below the guideline

2    range, depending on various factors that I will consider under

3    3553(a), which is the statute that lists things the Court can

4    consider, as well as the guideline manual gives departures?

5    Do you understand that I can sentence you anywhere so long as

6    I don't sentence you above the statutory maximum, which is ten

7    years of imprisonment in this case?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  The plea agreement specifies certain

10   rights to appeal that you are giving up.  Do you understand

11   that under the plea agreement you're giving up your right to

12   appeal your conviction of guilt in this case, except to the

13   extent that your appeal is based on ineffective assistance of

14   counsel?  Do you understand that?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  And let me back up, there's one point

17   that I wanted to make about the estimated guideline range.  Do

18   you understand that you, as well as the government, are free

19   to argue for a different Criminal History Category than the

20   one that's estimated in this plea agreement.  Under the plea

21   agreement the parties, your attorney, the government, think

22   that your Criminal History Category is a level IV, but both

23   sides -- that means you and the government -- have reserved

24   the right to argue for a different Criminal History Category.

25   Do you understand that?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  And so that could affect the guideline

3    range up or down depending on what the Court finds.  Do you

4    understand that?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  All right.  So back to the waiver of

7    appeal.  As we were discussing, you've waived the right to

8    appeal your conviction, except to the extent your appeal was

9    based on ineffective assistance of counsel.  You understand

10   that; correct?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  You understand that you've also given up

13   your right to directly appeal the sentence except to the

14   extent the Court sentences you above the statutory maximum of

15   ten years in prison or above the guideline range that's

16   determined by the Court.  Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Or again, your appeal is based on

19   ineffective assistance of counsel, do you understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Finally, under the plea agreement you're

22   giving up your right to collaterally attack either the

23   conviction entered or the sentence imposed, except to the

24   extent your attack is based on new evidence, newly discovered

25   evidence, or a claim that you received ineffective assistance

1    of counsel.  Do you understand?

2           THE DEFENDANT:  Can you repeat it one more time?

3           THE COURT:  So, yes, the waiver, the appeal waiver

4    in this case, also addresses your right to challenge this

5    conviction or sentence in this case collaterally.  And that

6    means under a different statute, Section 2255, you're giving

7    up your right to collaterally attack in a different proceeding

8    this conviction entered, the sentence imposed, unless there's

9    newly discovered evidence that wasn't before the Court at the

10   time of the plea, or your counsel was ineffective.  If either

11   of those things exist, then you could challenge the sentence

12   imposed, or the conviction in a separate proceeding.  Do you

13   understand that?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  All right.  In addition to the rights to

16   appeal that we've discussed you'll be giving up other rights

17   by agreeing to plead guilty.  I want to discuss those with you

18   now as well.  Do you understand that you're not required to

19   plead guilty and you have a right to go to trial on the

20   charges contained in the indictment?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Do you understand that if you went to

23   trial, the government would have to prove you guilty beyond a

24   reasonable doubt and would have to convince 12 jurors to

25   convict you unanimously?  Do you understand that?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  You would have the right to have your

3    lawyer with you throughout the trial and at every other stage

4    of the proceedings.  If necessary you could have the Court

5    appoint counsel for you.  Your lawyer could make motions.  He

6    could challenge any searches or seizures or move to suppress

7    statements or evidence.  Do you understand that?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Do you understand your lawyer could also

10   make objections during the trial and cross-examine all of the

11   government's witnesses?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  You would also have a right to present a

14   defense and put on evidence, including your own witnesses,

15   whom you could subpoena and require to testify on your behalf

16   if you wished, but you would not be required to put on any

17   evidence at all because you would be presumed innocent.  Do

18   you understand that?

19             THE DEFENDANT:  Can you repeat it one more time,

20   please?

21             THE COURT:  Okay.  If you went to trial --

22             THE DEFENDANT:  Yeah.

23             THE COURT:  You could put on a defense, and you

24   could put on evidence, including witnesses whom you could

25   subpoena and require to testify on your behalf, if you wished.

1    But you wouldn't be required to put on any evidence at all

2    because you are presumed innocent.  Do you understand that?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  You could also testify at a trial if you

5    chose to do so, but no one could force you to testify at trial

6    because you would have an absolute right to remain silent at

7    any trial, and I would instruct the jury that they could not

8    hold that against you.  Do you understand?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Do you understand that unless and until

11   I accept your guilty plea, the law presumes that you are

12   innocent because it's the government's burden to prove your

13   guilt beyond a reasonable doubt and until it does so, you

14   cannot be convicted?

15             THE DEFENDANT:  Yes Your Honor.

16             THE COURT:  If you were found guilty at your trial

17   you'd have the right to an appeal.  If you could not afford a

18   lawyer for you appeal, a lawyer would be appointed to

19   represent you.  Do you understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Do you understand that if you plead

22   guilty you will waive your right to a trial, including all the

23   rights we've just discussed, and there will be no trial?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Yes, do you understand?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  I want to show you one last

3   document and this is a document that you appear to have

4   signed.  This is called a Waiver of Trial by Jury.  Is your

5   signature on this document I'm holding up?

6          THE DEFENDANT:  I believe so, I can't really see

7   that far.

8          THE COURT:  Is that your signature, sir?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Did you read that document before you

11   signed it?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Do you understand it?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Have you had enough time to talk to your

16   lawyer about your Waiver of Trial by Jury?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Do you wish to waive your right to a

19   trial by jury?

20          THE DEFENDANT:  Do I wish to waive it?

21          THE COURT:  Yes.

22          THE DEFENDANT:  No.

23          THE COURT:  You don't?

24          THE DEFENDANT:  I'm saying I don't really get --

25          THE COURT:  All right.  Let me make sure you

1   understand what this paper means.  As we discussed here

2   already, you understand that you have a right to a jury trial

3   if you want to exercise that right.  Do you understand that?

4           THE DEFENDANT:  Yes.

5           THE COURT:  And I'm hearing today, from you, and

6   from your plea agreement, that you don't wish to have a right

7   to a jury trial?

8           THE DEFENDANT:  Yeah, I don't wish.

9           THE COURT:  You don't?

10          THE DEFENDANT:  Yeah.

11          THE COURT:  And so you're comfortable proceeding

12  with this plea agreement and giving up your right to a trial

13  by jury?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  You've had enough time to talk to your

16  attorney about this important decision?

17          THE DEFENDANT:  I'm going to say yes.

18          THE COURT:  Well, I don't want to put words in your

19  mouth, have you not had enough time to think about this?

20          THE DEFENDANT:  A little bit.

21          THE COURT:  Let me give you a second to talk with

22  your attorney to make sure you want to proceed to giving up

23  your right to a trial by a jury.

24          (Counsel conferring with client.)

25          THE COURT:  All right.  Mr. Frye, is there -- do you

1    have any question about giving up your right to trial by jury?

2              THE DEFENDANT:  No, Your Honor.

3              THE COURT:  You're sure?

4              THE DEFENDANT:  Yeah.

5              THE COURT:  All right.  You've had enough time to

6    talk to your lawyer about it?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  All right.  So I have approved -- I will

9    approve this waiver of trial by jury.

10              Mr. Frye, do you understand that if I accept your

11    plea you may be deprived of valuable civil rights.  These

12    include the right to vote, the right to hold certain jobs, or

13    right to serve on a jury, and the right to possess any kind of

14    firearm or ammunition, depending on various local, state, or

15    federal laws?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  Understanding all the rights you're

18    giving up by pleading guilty, do you still want to plead

19    guilty?

20              THE DEFENDANT:  Yes, Your Honor.

21              THE COURT:  Do you have any questions about the

22    rights you're giving up or anything else connected with this

23    plea of guilty?

24              THE DEFENDANT:  No, Your Honor.

25              THE COURT:  Are you satisfied with the services of

1    your lawyer in this case?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Do the parties agree that I've correctly

4    stated the substance of the plea agreement.

5              Mr. Gould?

6              MR. GOULD:  Yes, Your Honor.

7              THE COURT:  Mr. Clennon?

8              MR. CLENNON:  Yes, Your Honor, with one caveat.  I'd

9    like go back to paragraph 3 on nonprosecution or no further

10   prosecution.

11             THE COURT:  Yes.

12             MR. CLENNON:  It includes not merely the facts in

13   the statement of offense, but also anything described in the

14   indictment.  He's not named in those, but he will not be

15   prosecuted further for anything that's charged in the

16   indictment.

17             THE COURT:  That's correct.  So that means the

18   conspiracy or the drug trafficking as well.

19             MR. CLENNON:  Correct.

20             THE COURT:  Okay.  You understand that, Mr. Frye?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  All right.  Thank you, Mr. Clennon.

23   Anything else?

24             MR. CLENNON:  No, Your Honor.

25             THE COURT:  All right.  Mr. Frye, is what I've

1    stated here what you've agreed to?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  Has anyone promised you the sentence

4    that I will give you in this case?

5                THE DEFENDANT:  No, Your Honor.

6                THE COURT:  Has anyone made any promises, other than

7    the ones we've discussed and the ones that are in the plea

8    agreement, in order to get you to plead guilty?

9                THE DEFENDANT:  No, Your Honor.

10                THE COURT:  Do you have any confusion at all about

11    this plea that you want to ask either me or your lawyer about?

12                THE DEFENDANT:  No, Your Honor.

13                THE COURT:  Are you pleading guilty because you are,

14    in fact, guilty?

15                THE DEFENDANT:  Yes, Your Honor.

16                THE COURT:  Has anyone forced you or threatened you

17    to get you to plead guilty?

18                THE DEFENDANT:  The government.

19                THE COURT:  Well, I don't think that Mr. Gould is

20    forcing you to do this, you have the right to go to trial.

21                THE DEFENDANT:  You're right.  I plead.

22                THE COURT:  Well, you understand that, Mr. Frye, if

23    you want to, even now --

24                THE DEFENDANT:  Right.

25                THE COURT:  -- you can decide not to enter a plea of

1    guilty and you can go to trial.  Do you understand that?

2                  THE DEFENDANT:  Yes, Your Honor.

3                  THE COURT:  And are you certain that you want to

4    give up that right to a trial by jury and enter a plea today?

5                  THE DEFENDANT:  Yes, Your Honor.

6                  THE COURT:  Do you feel that you're being forced to

7    do this?

8                  THE DEFENDANT:  No, Your Honor.

9                  THE COURT:  Are you certain?

10                 THE DEFENDANT:  Yes.

11                 THE COURT:  All right.  Mr. Frye, how do you plead

12   on the charge of unlawful possession of a firearm and

13   ammunition by a person convicted of a crime punishable by

14   imprisonment for a term exceeding one year, in violation of

15   Title 18 United States Code Section 922(g)(1), guilty or not

16   guilty?

17                 THE DEFENDANT:  Can you repeat it again?

18                 THE COURT:  Okay.  How do you plead on the charge of

19   unlawful possession of a firearm and ammunition by a person

20   convicted of a crime punishable by imprisonment for a term

21   exceeding one year, and this is in violation of Title 18,

22   United States Code, Section 922(g)(1), guilty or not guilty?

23                 THE DEFENDANT:  Guilty.

24                 THE COURT:  All right.  I'm satisfied Mr. Frye

25   understands his rights and what he is waiving in agreeing to

plead guilty.  I find he has entered his plea voluntarily.  I find there's a factual basis for his plea.  I, therefore, accept his plea and find him guilty of this is Count 7, a violation of Title 18, United States Code, Section 922(g).

All right.  As I understand it, the defense is asking that Mr. Frye remain on the terms of release that were set by the magistrate.  That's correct, Mr. Clennon?

MR. CLENNON:  Yes, Your Honor.

THE COURT:  All right.  And there's no objection from the government that he remain out subject to the conditions of release that currently apply to him pending sentencing?

MR. GOULD:  Given the compliance, no objection.

THE COURT:  Okay.  Mr. Frye, just very important that you understand, you've performed well so far on supervision, you need to continue to do that before sentencing as well.  All right?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you all had a chance to talk about a potential sentencing date?

MR. CLENNON:  We did not, Your Honor.

THE COURT:  Mr. Hopkins, can you propose a date, I understand probation is asking for -- did you get that email, 90 plus, I think they're --

THE CLERK:  They were asking for more than 90.

1        THE COURT:  I think at least 90, maybe give them a

2   little bit more.

3        THE CLERK:  April the 2nd.  Counsel available at

4   10:00 o'clock on April 2nd?  It's a Tuesday.

5        MR. CLENNON:  Yes.

6        MR. GOULD:  That works for the Government.

7        THE COURT:  Okay.  Can we do that at 10:00 a.m.?

8   Does that work for both sides?

9        MR. CLENNON:  Yes, Your Honor.

10        THE COURT:  All right.  Okay.  So we'll set this for

11   sentencing on April the 2nd at 10:00 a.m.

12        Mr. Frye, the next step in the process is for you to

13   be interviewed by the probation officer with your attorney

14   present.  And she or he will prepare a report that you'll have

15   a chance to review with your attorney before sentencing.  You

16   could provide letters or any other information that you'd like

17   the Court to consider at sentencing.  And you can object to

18   anything that's in that report that you don't think is true.

19   Do you understand?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  All right.  And you can also object to

22   the calculations with your attorney's help.

23        Anything else we need to address?

24        MR. GOULD:  Nothing from the government.

25        THE CLERK:  Your Honor, give a date for sentencing

1    memo.

2              THE COURT:  Oh, yes.  He's really good.  He's

3    reminding me that we need to set a date for sentencing

4    memoranda to be filed before the 2nd.  Given the length of

5    time that you're going to have, could is it possible for you

6    all to file your sentencing memoranda by March 22nd?

7              MR. GOULD:  As long as the presentence

8    investigation --

9              THE COURT:  All right.  And if it's not and you need

10   a few more days, that's fine.  Just understand I need to

11   review those the week of the 25th.  So I'll ask both sides

12   to -- the extent possible file their sentencing memoranda by

13   March 22nd.  If there's any need to respond to the other side,

14   I'm not inviting that, but if there's a need, that you do so

15   on or before March 28th.

16              Is there anything else?

17              MR. GOULD:  Nothing from the government.

18              MR. CLENNON:  Nothing, Your Honor.

19              THE COURT:  All right.  Here, Mr. Hopkins.  That's

20   it.  I'll just stay on the bench for the hearing.

21              THE CLERK:  Mr. Frye and Mr. Clennon are excused.

22              (The proceedings were concluded at 10:36 a.m.)

23

24              I, Christine Asif, RPR, FCRR, do hereby certify that
     the foregoing is a correct transcript from the stenographic
     record of proceedings in the above-entitled matter.
25                         _____/s/_____
                           Christine T. Asif, Official Court Reporter

< Dates >.
22-378-4,
   2:3.
April  36:3,
   36:11.
April 2nd
   36:4.
March  37:13,
   37:15.
March 22nd
   37:6.
November 14th
   of 2023,
   6:3.
November 3rd of
   2021,
   11:12.
November 7th
   9:11.
November 7th
   9:11.
$100 18:3.
$15 22:16.
$150 22:16.
$250 17:16.
.
.
< 0 >.
00 36:4, 36:7,
   36:11.
000 17:16,
   22:16.
.
.
< 1 >.
1 12:6.
10 36:4, 36:7,
   36:11,
   37:22.
105 20:19,
   21:13, 21:25,
   22:9.
10th 5:14.
11th 5:9, 5:10,
   5:12.
12 9:14,
   26:24.
14 11:22,
   11:23.
15 11:12.

18 34:15,
   34:21,
   35:4.
1991 5:7.
.
.
< 2 >.
2 11:12,
   20:1.
20001 1:28,
   1:46.
20017-0302
   1:33.
202 1:47.
2023 1:12.
22-0378-DLF
   1:6.
2255 26:6.
22nd 37:13.
23 18:24.
25th 37:11.
28th 37:15.
29302 1:32.
2nd 36:3,
   36:11,
   37:4.
.
.
< 3 >.
3 32:9.
333 1:45.
354-3247
   1:47.
3553(a 24:3.
36 37:22.
.
.
< 4 >.
4 21:7.
40 11:21,
   18:23,
   18:24.
.
.
< 5 >.
57 20:24, 21:8,
   21:16.
.
.
< 6 >.

6 20:1.
601 1:27.
.
.
< 7 >.
7 35:3.
71 20:24, 21:8,
   21:16.
.
.
< 8 >.
84 20:19,
   21:13, 21:25,
   22:9.
.
.
< 9 >.
90 35:24,
   35:25,
   36:1.
920 8:11.
922(g 3:5,
   6:16, 8:12,
   35:4.
922(g)(1 7:7,
   34:15,
   34:22.
9:52 a.m.
   1:13.
9mm 18:24.

_____/s/___
   _____
   37:27.
.
.
< A >.
a.m. 36:7,
   36:11,
   37:22.
ability 5:22.
able 5:17.
abolished
   18:17.
above 24:1,
   24:6, 25:14,
   25:15.
above-entitled
   37:26.
absolute
   28:6.

accept 28:11,
   31:10,
   35:3.
across 12:22,
   14:13.
ACTION 1:5,
   2:2.
actually
   11:6.
Adam 1:25.
added 14:16,
   14:19.
addition 21:20,
   26:15.
additional
   18:13.
address 11:13,
   36:23.
addresses
   26:4.
adjustment
   21:21, 21:22,
   21:24.
administer
   4:2.
admitting
   11:11.
advisory 19:21,
   23:21.
advocate 8:1.
affect 25:2.
afford 17:15,
   22:16,
   28:17.
agree 7:19,
   11:5, 12:23,
   13:23, 14:20,
   32:3.
agreed 7:17,
   16:14, 21:6,
   21:22, 22:3,
   33:1.
agreeing 18:2,
   26:17,
   34:25.
agreement 7:11,
   9:10, 9:11,
   9:17, 10:4,
   10:6, 10:9,
   16:14, 18:22,

19:25, 20:2,
20:7, 24:9,
24:11, 24:20,
24:21, 25:21,
30:6, 30:12,
32:4, 33:8.
ahead 4:1.
ain't 20:9.
already 14:19,
30:2.
amend 13:13.
America 1:5,
2:3.
ammunition
6:18, 13:2,
15:8, 15:10,
18:25, 31:14,
34:13,
34:19.
amount 18:18.
answering
4:23.
answers 7:3.
apologies
13:11.
appeal 24:10,
24:12, 24:13,
25:7, 25:8,
25:13, 25:18,
26:3, 26:16,
28:17,
28:18.
appear 29:3.
APPEARANCES
1:23.
applies
21:22.
apply 9:2, 9:4,
19:14, 20:3,
20:11,
35:11.
appoint 27:5.
appointed
28:18.
approach 2:4.
approve 31:9.
approved
31:8.
argue 21:21,
21:23, 24:19,

24:24.
Asif 1:41,
37:24,
37:28.
assessment
18:3.
assistance
24:13, 25:9,
25:19,
25:25.
assume 3:13.
Attached
10:8.
attack 25:22,
25:24,
26:7.
Attorney 1:26,
4:22, 10:12,
16:14, 16:21,
20:3, 20:11,
21:17, 21:18,
22:20, 22:21,
22:25, 23:1,
24:21, 30:16,
30:22, 36:13,
36:15,
36:22.
authority
3:3.
available
36:3.
Avenue 1:45.
.
.
< B >.
back 2:21,
18:12, 24:16,
25:6, 32:9.
bags 18:25.
Based 7:3,
17:8, 20:17,
21:6, 21:24,
22:5, 24:13,
25:9, 25:18,
25:24.
basis 35:2.
behalf 2:7,
2:10, 27:15,
27:25.
believe 2:19,

3:6, 29:6.
below 24:1.
bench 37:20.
beyond 26:23,
28:13.
binding
23:21.
bit 7:22,
30:20,
36:2.
book 19:16.
born 5:1, 5:4,
5:6.
Box 1:32,
21:8.
burden 28:12.
.
.
< C >.
C. 1:11, 1:46,
5:5, 12:4,
12:21, 12:24,
13:4, 13:20,
13:21, 13:24,
14:13,
16:21.
calculate
19:18,
23:7.
calculations
22:6,
36:22.
caliber 11:21,
18:23,
18:24.
called 10:9,
29:4.
capable 7:5,
11:22.
Cary 1:31,
2:9.
case 3:6, 3:8,
6:5, 7:13,
9:10, 11:7,
12:21, 17:11,
18:23, 19:4,
20:4, 20:12,
23:6, 24:7,
24:12, 26:4,
26:5, 32:1,

33:4.
Category 24:19,
24:22,
24:24.
caveat 32:8.
certain 9:2,
18:10, 18:11,
24:9, 31:12,
34:3, 34:9.
certify
37:24.
challenge
23:10, 26:4,
26:11,
27:6.
chamber
11:22.
chance 23:4,
23:10, 23:14,
35:19,
36:15.
changes 2:16,
2:18.
charge 3:5,
7:15, 7:16,
7:18, 15:23,
34:12,
34:18.
charged 6:16,
8:2, 17:1,
32:15.
charges 6:4,
6:15, 15:16,
18:17,
26:20.
chose 28:5.
Christine 1:41,
37:24,
37:28.
civil 31:11.
claim 25:25.
clear 21:5.
Clennon 1:31,
2:10, 2:11,
3:17, 6:24,
7:19, 13:9,
14:6, 21:1,
32:7, 32:22,
35:7,
37:21.

CLERK 2:2, 4:2,
  18:3, 36:3,
  37:21.
client. 14:21,
  30:24.
close 8:21.
cocaine 16:2,
  16:3, 16:8.
Code 34:15,
  34:22,
  35:4.
collaterally
  25:22, 26:5,
  26:7.
Columbia
  1:44.
COLUMBIA 1:2.
comfortable
  30:11.
commerce 12:17,
  12:22, 13:3,
  14:9, 14:24,
  15:9.
communicate
  8:5.
competence
  6:23.
competent
  7:5.
complete
  5:12.
completed
  5:14.
compliance
  2:21, 3:1,
  3:2, 35:13.
comply 18:11.
computer-aided
  1:50.
concluded
  37:22.
conditions 3:7,
  3:11, 18:11,
  35:11.
conduct
  16:15.
conferring
  14:21,
  30:24.
confusion

33:10.
connected
  31:22.
connection
  21:10.
consent 19:3.
consented
  18:23.
consider 24:2,
  24:4,
  36:17.
conspiracy
  7:16, 8:3,
  8:11,
  32:18.
contained
  16:22,
  26:20.
containing
  19:1.
contains 6:4.
continue 3:10,
  35:16.
Contitution
  1:45.
convict 13:5,
  15:15, 15:17,
  26:25.
convicted 6:19,
  12:5, 12:8,
  12:19, 15:11,
  16:1, 28:14,
  34:13,
  34:20.
conviction
  15:20, 24:12,
  25:8, 25:23,
  26:5, 26:8,
  26:12.
convince
  26:24.
copy 6:2, 9:10,
  10:10.
Correct 2:14,
  7:8, 8:8,
  9:7, 14:24,
  17:6, 17:8,
  20:7, 21:15,
  25:10, 32:17,
  32:19, 35:7,

37:25.
correctly
  21:15,
  32:3.
Counsel 2:4,
  6:22, 7:4,
  14:21, 24:14,
  25:9, 25:19,
  26:1, 26:10,
  27:5, 30:24,
  36:3.
Count 16:25,
  35:3.
credit 18:19.
crime 6:19,
  12:5, 15:11,
  34:13,
  34:20.
Criminal 1:5,
  2:2, 20:18,
  24:19, 24:22,
  24:24.
critical
  4:22.
cross-examine
  27:10.
currently
  35:11.
custody 3:19.
.
.
< D >.
Dabney L.
  Friedrich
  1:18.
date 35:20,
  35:22, 36:25,
  37:3.
dated 9:11.
day 8:19.
days 5:21,
  37:10.
DC 1:28,
  1:33.
decide 33:25.
deciding
  19:18.
decision
  30:16.
DEFENDANT 1:12,

1:31, 4:7,
  4:8, 5:11,
  6:16, 15:7,
  15:10, 15:11,
  30:10, 31:2,
  35:18.
defense 2:23,
  3:13, 27:14,
  27:23,
  35:5.
departures
  24:4.
depending 24:2,
  25:3,
  31:14.
deprived
  31:11.
deputy 4:2.
described
  32:13.
determined
  25:16.
determining
  23:19.
difference
  7:15, 7:23,
  8:22.
different
  22:20, 22:25,
  24:19, 24:24,
  26:6, 26:7.
difficult
  5:25.
directly
  25:13.
discovered
  25:24,
  26:9.
discuss 9:22,
  9:25,
  26:17.
discussed
  10:22, 20:3,
  26:16, 28:23,
  30:1, 33:7.
discussing
  25:7.
distribute
  16:5, 16:6,
  16:7.

District 1:1,
   1:2, 1:19,
   1:43, 1:44.
document 10:9,
   10:13, 10:19,
   14:19, 29:3,
   29:5,
   29:10.
documents 2:17,
   2:19, 2:20.
doubt 26:24,
   28:13.
down 25:3.
draft 19:5.
drug 21:11,
   32:18.
drugs 5:20.
during 27:10.
.
.
< E >.
earlier 8:6,
   8:10.
either 6:22,
   9:6, 25:22,
   26:10,
   33:11.
element 13:4.
elements 13:1,
   15:4, 15:6.
email 35:23.
end 23:20.
English 5:18.
enhancements
   7:25, 8:13,
   8:21, 9:2,
   9:4.
enough 29:15,
   30:15, 30:19,
   31:5.
enter 6:23,
   10:6, 33:25,
   34:4.
entered 25:23,
   26:8, 35:1.
entering 7:5.
Esquire 1:25,
   1:31.
estimate 20:16,
   20:17, 21:17,

22:20.
estimated
   20:21, 20:24,
   22:14, 24:17,
   24:20.
evidence 21:9,
   25:24, 25:25,
   26:9, 27:7,
   27:14, 27:17,
   27:24,
   28:1.
exactly 14:6,
   23:4.
exceeding 6:20,
   15:12, 34:14,
   34:21.
except 24:12,
   25:8, 25:13,
   25:23.
excused
   37:21.
executed 11:13,
   11:16.
exercise
   30:3.
exist 26:11.
explain 4:21,
   13:9.
extent 24:13,
   25:8, 25:14,
   25:24,
   37:12.
.
.
< F >.
fact 9:2,
   13:25, 14:11,
   15:1, 15:13,
   33:14.
factors 24:2.
facts 11:5,
   11:10, 14:5,
   14:16, 21:6,
   22:7, 23:10,
   32:12.
factual 35:2.
failed 18:12.
fair 9:2.
false 4:12.
falsely 4:13.

far 5:8, 29:7,
   35:15.
FBI 11:13,
   11:16,
   11:21.
FCRR 1:41,
   37:24.
federal 18:17,
   31:15.
feel 34:6.
felony 12:9,
   15:25, 16:11,
   21:10.
few 11:9,
   37:10.
file 37:6,
   37:12.
filed 6:3,
   37:4.
Finally
   25:21.
find 7:4,
   22:15, 23:25,
   24:1, 35:1,
   35:2, 35:3.
finds 25:3.
fine 3:25,
   17:15, 17:16,
   22:15, 22:16,
   37:10.
fines 17:24.
firearm 6:18,
   11:25, 12:4,
   12:23, 13:2,
   13:20, 14:8,
   14:12, 14:23,
   15:7, 15:8,
   15:10, 31:14,
   34:12,
   34:19.
firearms
   13:23.
first 8:19,
   9:7, 11:20.
floor 11:20.
focused 9:1.
follow 5:22,
   5:25,
   19:21.
force 28:5.

forced 33:16,
   34:6.
forcing
   33:20.
foregoing
   37:25.
forfeit
   18:23.
forfeiture
   19:4.
forth 16:16.
found 11:21,
   28:16.
free 24:18.
front 9:10,
   10:10.
Frye 2:3, 2:10,
   2:12, 2:13,
   2:20, 3:19,
   3:23, 4:2,
   4:10, 6:23,
   7:3, 7:6,
   7:13, 7:16,
   8:6, 8:8,
   8:17, 9:5,
   11:10, 12:19,
   13:18, 14:11,
   14:22, 15:14,
   16:13, 17:4,
   19:13, 21:1,
   21:14, 30:25,
   31:10, 32:20,
   32:25, 33:22,
   34:11, 34:24,
   35:6, 35:14,
   36:12,
   37:21.
fully 7:5,
   10:22.
.
.
< G >.
getting
   10:12.
give 13:16,
   30:21, 33:4,
   34:4, 36:1,
   36:25.
Given 2:24,
   3:1, 25:12,

35:13,
37:4.
gives 24:4.
giving 21:18,
  24:10, 24:11,
  25:22, 26:6,
  26:16, 30:12,
  30:22, 31:1,
  31:18,
  31:22.
Glock 18:24.
Gold 1:25.
Gould 2:6, 2:8,
  7:1, 7:12,
  8:24, 12:12,
  15:4, 17:6,
  19:4, 32:5,
  33:19.
Government
  1:25, 2:22,
  2:24, 3:14,
  7:15, 7:25,
  8:25, 9:1,
  12:12, 12:20,
  13:5, 13:19,
  13:24, 14:4,
  14:11, 14:12,
  15:2, 15:15,
  15:16, 16:14,
  16:19, 21:9,
  21:17, 21:20,
  21:23, 22:5,
  22:21, 23:1,
  23:10, 24:18,
  24:21, 24:23,
  26:23, 27:11,
  28:12, 33:18,
  35:10, 36:6,
  36:24,
  37:17.
grade 5:10,
  5:12, 5:15.
guess 6:8.
guideline 7:25,
  8:13, 21:16,
  22:9, 22:15,
  23:4, 23:18,
  23:25, 24:1,
  24:4, 24:17,
  25:2,

25:15.
Guidelines
  19:14, 19:15,
  19:16, 19:17,
  19:20, 19:22,
  20:3, 20:11,
  20:16, 20:18,
  20:20, 20:23,
  21:5, 21:6,
  21:22, 23:7,
  23:15,
  23:21.
guilt 24:12,
  28:13.
Guilty 7:7,
  17:5, 26:17,
  26:19, 26:23,
  28:11, 28:16,
  28:22, 31:18,
  31:19, 31:23,
  33:8, 33:13,
  33:14, 33:17,
  34:1, 34:15,
  34:16, 34:22,
  34:23, 35:1,
  35:3.
gun 12:15,
  12:16, 12:20,
  12:22,
  18:23.
.
.
< H >.
hand 4:6.
hearing 30:5,
  37:20.
help 36:22.
hereby 37:24.
hesitating
  7:21.
History 20:18,
  24:19, 24:22,
  24:24.
hold 9:9, 9:13,
  28:8,
  31:12.
holding 10:16,
  11:22,
  29:5.
Honorable

1:18.
Hopkins 4:4,
  35:22,
  37:19.
.
.
< I >.
identified
  7:25, 8:22.
important
  30:16,
  35:14.
impose 17:11,
  17:15, 18:18,
  19:10, 22:20,
  22:25.
imposed 25:23,
  26:8,
  26:12.
imprisonment
  6:19, 12:5,
  15:12, 17:19,
  20:12, 24:7,
  34:14,
  34:20.
include 7:16,
  13:13, 14:5,
  31:12.
includes
  32:12.
including
  27:14, 27:24,
  28:22.
indictment 6:3,
  6:14, 7:17,
  17:1, 26:20,
  32:14,
  32:16.
ineffective
  24:13, 25:9,
  25:19, 25:25,
  26:10.
information
  16:22,
  36:16.
informed 7:5.
initial 7:24,
  9:6, 14:15.
initialed
  14:23.

innocent 27:17,
  28:2,
  28:12.
inside 11:19.
instead 7:6.
instruct
  28:7.
intended
  8:25.
intending
  7:16.
Intent 16:5,
  16:6, 16:7.
interest
  17:24.
interfere
  5:22.
interstate
  12:17, 12:22,
  13:3, 14:8,
  14:23,
  15:9.
interviewed
  36:13.
investigation
  9:3, 37:8.
inviting
  37:14.
issue 22:3.
IV 24:22.
.
.
< J >.
jail 18:13.
jobs 31:12.
Josh 2:6.
Joshua 1:25.
Judge 1:19.
jurors 26:24.
Jury 28:7,
  29:4, 29:16,
  29:19, 30:2,
  30:7, 30:13,
  30:23, 31:1,
  31:9, 31:13,
  34:4.
.
.
< K >.
keep 3:19.

key 11:9.
Kind 6:10,
  6:12,
  31:13.
kitchen
  11:19.
knowingly
  15:7.
knowledge
  15:12.
.
.
< L >.
language 5:18,
  20:2.
last 2:17,
  5:21, 9:13,
  9:24, 10:15,
  10:17, 20:8,
  29:2.
law 28:11.
laws 31:15.
lawyer 9:23,
  10:23, 27:3,
  27:5, 27:9,
  28:18, 29:16,
  31:6, 32:1,
  33:11.
learn 23:6.
least 36:1.
leave 3:4.
length 37:4.
lenient 7:12,
  7:18, 8:25.
Leroy 2:3.
LEROY FRYE
  1:10.
letters
  36:16.
level 20:17,
  24:22.
lines 12:22,
  14:13.
lists 24:3.
little 7:21,
  30:20,
  36:2.
living 11:17,
  11:20.
local 31:14.

long 24:5,
  37:7.
looked 2:22.
looking 20:1,
  20:13,
  21:7.
.
.
< M >.
ma'am 12:7,
  14:14,
  21:19.
machine 1:49.
magazine 11:21,
  11:23.
magazines
  18:25.
magistrate
  35:7.
manual 24:4.
manufactured
  12:21, 12:23,
  13:24.
matter 37:26.
maximum 17:5,
  17:10, 17:14,
  24:6,
  25:14.
mean 3:12,
  7:14,
  16:20.
means 13:3,
  18:6, 18:10,
  18:17, 19:21,
  24:23, 26:6,
  30:1,
  32:17.
medications
  5:21.
memo 37:1.
memoranda 37:4,
  37:6,
  37:12.
merely 32:12.
minus 18:18.
modifying
  14:5.
moment 13:9,
  14:18.
months 20:19,

20:24, 21:8,
  21:16, 21:25,
  22:9.
morning 2:6,
  2:8, 2:9,
  2:11, 2:12,
  3:24.
motions 27:5.
mouth 30:19.
move 27:6.
moves 2:23.
MR. CLENNON
  2:9, 2:15,
  3:20, 6:25,
  7:20, 7:23,
  8:7, 8:12,
  8:16, 8:21,
  13:10, 14:8,
  15:24, 16:5,
  21:2, 21:4,
  32:8, 32:12,
  32:19, 32:24,
  35:8, 35:21,
  36:5, 36:9,
  37:18.
MR. GOULD 2:6,
  2:18, 3:1,
  3:5, 3:9,
  3:12, 3:16,
  7:2, 7:14,
  8:4, 9:3,
  12:14, 12:16,
  13:11, 13:14,
  15:6, 17:2,
  17:8, 19:5,
  19:12, 21:3,
  21:5, 21:13,
  32:6, 35:13,
  36:6, 36:24,
  37:7,
  37:17.
multiple
  18:25.
.
.
< N >.
named 32:14.
names 2:5.
necessary
  27:4.

need 13:12,
  19:10, 20:16,
  35:16, 36:23,
  37:3, 37:9,
  37:10, 37:13,
  37:14.
new 25:24.
newly 25:24,
  26:9.
next 36:12.
NO. 1:5.
nonprosecution
  32:9.
note 2:20.
Nothing 36:24,
  37:17,
  37:18.
noticed
  12:16.
November 20
  1:12.
NW 1:27,
  1:45.
.
.
< O >.
o'clock 36:4.
O. 1:32.
oath 4:2,
  4:11.
object 23:14,
  36:17,
  36:21.
objection 35:9,
  35:13.
objections
  27:10.
occurred
  11:7.
Offense 7:7,
  10:9, 10:25,
  11:6, 11:10,
  12:18, 12:20,
  13:2, 13:6,
  13:13, 15:5,
  15:7, 16:16,
  16:23, 17:4,
  17:9, 17:11,
  17:19, 19:14,
  20:17, 21:7,

21:10, 21:16,
 32:13.
offer 7:12,
 7:24, 8:6,
 8:10, 8:15,
 8:19, 8:20,
 8:23, 8:25,
 9:1, 9:6.
offers 7:14.
Office 1:26,
 16:15,
 16:21.
officer 23:11,
 23:15,
 36:13.
Official 1:42,
 37:28.
Okay 3:7, 3:21,
 4:14, 4:17,
 5:6, 7:19,
 9:5, 11:2,
 11:9, 14:22,
 15:19, 17:3,
 17:10, 19:13,
 19:20, 21:12,
 27:21, 32:20,
 34:18, 35:14,
 36:7,
 36:10.
old 19:16.
One 6:8, 6:20,
 9:18, 9:20,
 10:24, 11:22,
 13:1, 15:12,
 15:21, 15:22,
 19:6, 19:8,
 19:10, 22:22,
 24:16, 24:20,
 26:2, 27:19,
 28:5, 29:2,
 32:8, 34:14,
 34:21.
ones 33:7.
oppose 2:24,
 3:1, 3:15.
order 12:19,
 15:17, 19:3,
 33:8.
original 13:16,
 21:4.

outside 13:3,
 13:20.
own 27:14.
 .
 .
 < P >.
page 9:13,
 9:14, 10:15,
 10:17, 18:9,
 21:7.
pages 20:1.
paper 30:1.
paragraph
 32:9.
parole 18:16.
part 18:22.
particular
 20:1.
parties 24:21,
 32:3.
Pause 13:17.
pay 17:15,
 17:24,
 18:2.
penalties
 17:24.
pending 2:21,
 2:23, 3:19,
 35:11.
performed
 35:15.
period 18:13,
 20:12.
perjury 4:12.
person 6:18,
 34:13,
 34:19.
phone 19:1.
pistol 11:21,
 18:24.
pistols
 18:24.
placed 4:11.
Plaintiff
 1:7.
plastic
 18:25.
Plea Agreement
 Hearing
 1:17.

plead 7:7,
 26:17, 26:19,
 28:21, 31:18,
 33:8, 33:17,
 33:21, 34:11,
 34:18,
 35:1.
pleading 8:11,
 17:5, 31:18,
 33:13.
Please 2:4,
 4:6, 22:23,
 27:20.
plus 35:24.
podium 2:4,
 3:23.
point 4:19,
 22:7,
 24:16.
position
 3:18.
possess
 31:13.
possessed 12:1,
 12:3, 15:7,
 15:10.
Possession
 6:18, 15:23,
 16:2, 16:3,
 16:5, 16:7,
 21:11, 34:12,
 34:19.
possible 37:5,
 37:12.
post 3:4.
potential
 35:20.
pre 3:2.
predicts
 20:17.
preference
 3:13.
prepare
 36:14.
prepared
 23:5.
present 2:10,
 27:13,
 36:14.
presentence

23:5, 37:7.
presumed 27:17,
 28:2.
presumes
 28:11.
pretrial 2:21,
 3:2.
prior 15:19.
prison 17:6,
 18:13, 20:19,
 25:15.
privately
 4:22.
probation
 23:11, 23:15,
 35:23,
 36:13.
proceed 2:13,
 30:22.
proceeding
 26:7, 26:12,
 30:11.
Proceedings
 1:49, 5:22,
 5:25, 27:4,
 37:22,
 37:26.
proceedings.
 13:17.
process
 36:12.
produced
 1:49.
promised
 33:3.
promises
 33:6.
propose
 35:22.
prosecute
 16:15, 16:20,
 16:21.
prosecuted
 4:12,
 32:15.
prosecution
 32:10.
prove 12:20,
 13:5, 13:19,
 13:24, 14:11,

14:12, 15:2,
15:15, 15:17,
26:23,
28:12.
provide
36:16.
punishable
6:19, 12:5,
15:11, 34:13,
34:20.
put 14:6, 21:9,
27:14, 27:16,
27:23, 27:24,
28:1,
30:18.
.
.
< Q >.
qualified
18:19.
question 4:20,
4:21, 4:23,
6:23, 31:1.
questions 4:18,
7:4, 11:2,
31:21.
.
.
< R >.
raise 4:6.
range 20:18,
21:16, 22:9,
22:15, 22:16,
23:4, 23:18,
23:25, 24:1,
24:2, 24:17,
25:3,
25:15.
read 5:17, 6:7,
9:16, 10:19,
14:18, 20:7,
20:8, 20:9,
29:10.
ready 2:13.
really 13:7,
29:6, 29:24,
37:2.
reason 5:24.
reasonable
26:24,

28:13.
recall 20:10,
20:13.
received 2:17,
2:21, 6:2,
25:25.
recent 15:25.
record 2:5,
12:13, 14:7,
37:26.
recorded
1:49.
rejected 8:10,
8:14, 9:6.
release 2:23,
17:20, 18:6,
18:10, 35:6,
35:11.
remain 28:6,
35:6,
35:10.
reminding
37:3.
repeat 4:20,
12:25, 14:17,
16:18, 22:22,
26:2, 27:19,
34:17.
report 2:22,
23:5, 36:14,
36:18.
Reported 1:41,
23:11.
Reporter 1:42,
37:28.
represent 7:12,
28:19.
representations
7:4.
require 27:15,
27:25.
required 17:24,
26:18, 27:16,
28:1.
reserved 21:20,
21:23,
24:23.
reserves
21:9.
residence

11:17.
resolve 22:4.
respond
37:13.
revealed 9:4.
review 11:9,
23:5, 36:15,
37:11.
reviewed
21:1.
rights 4:18,
24:10, 26:15,
26:16, 28:23,
31:11, 31:17,
31:22,
34:25.
room 11:17,
11:20.
round 11:22.
rounds 11:22,
11:23.
RPR 1:41,
37:24.
rules 18:11.
.
.
< S >.
S. 1:26, 16:14,
16:20,
19:15.
satisfied
31:25,
34:24.
saying 29:24.
says 20:25.
school 5:8.
search 11:13,
11:17.
searches
27:6.
second 6:2,
30:21.
Section 26:6,
34:15, 34:22,
35:4.
seems 22:3.
seen 19:7.
seizures
27:6.
semi-automatic

11:21.
sent 18:12.
sentence 14:5,
14:16, 14:18,
14:20, 17:5,
17:10, 18:18,
19:18, 21:24,
22:19, 22:24,
23:20, 23:25,
24:5, 24:6,
25:13, 25:23,
26:5, 26:8,
26:11,
33:3.
sentences
25:14.
Sentencing
2:21, 2:24,
3:19, 7:25,
19:11, 19:14,
19:15, 19:16,
19:17, 20:18,
22:4, 22:8,
23:6, 35:12,
35:16, 35:20,
36:11, 36:15,
36:17, 36:25,
37:3, 37:6,
37:12.
separate
26:12.
series 4:17.
serve 18:13,
18:18,
31:13.
services
31:25.
serving
17:18.
set 3:7, 16:16,
35:7, 36:10,
37:3.
several
18:25.
shipped 15:9.
short 18:18.
shorthand
1:49.
show 29:2.
side 6:22,

37:13.
sides 24:23,
    36:8,
    37:11.
signature 9:14,
    10:16, 29:5,
    29:8.
signed 9:20,
    9:23, 14:19,
    29:4,
    29:11.
signing 9:17,
    10:20.
silent 28:6.
sir 3:24, 4:6,
    29:8.
situation
    13:9.
sometimes
    19:8.
somewhere
    21:25.
soon 9:7.
Sorry 6:11,
    20:22, 21:6,
    21:14.
sort 20:12.
special 18:3.
specifies
    24:9.
stage 27:3.
start 23:19.
state 2:5,
    12:22, 13:3,
    13:20, 14:13,
    15:4, 21:15,
    31:14.
stated 32:4,
    33:1.
Statement 4:12,
    10:9, 10:25,
    11:6, 11:10,
    12:18, 13:13,
    14:5, 14:16,
    14:23, 16:16,
    16:22, 21:7,
    32:13.
statements
    27:7.
States 1:1,

1:5, 1:19,
    1:43, 2:3,
    2:7, 5:2,
    14:6, 34:15,
    34:22,
    35:4.
statute 24:3,
    26:6.
statutory 24:6,
    25:14.
stay 37:20.
stellar 3:1,
    3:2.
stenographic
    37:25.
step 36:12.
stepped 2:20.
Street 1:27,
    11:13.
subject 17:19,
    18:10,
    35:10.
subpoena 27:15,
    27:25.
substance
    32:4.
substances
    19:1.
superseding
    6:3, 6:14,
    7:17.
supervised
    17:20, 18:6,
    18:10.
supervision
    35:16.
suppress
    27:6.
SW 11:13.
swear 4:4.
sworn. 4:7.
.
.
< T >.
T. 1:41,
    37:28.
talked 16:16.
tells 23:15.
ten 17:5,
    17:11, 24:6,

25:15.
term 6:19,
    12:6, 15:12,
    17:19, 17:20,
    34:14,
    34:20.
terms 7:10,
    7:11, 35:6.
testify 4:13,
    27:15, 27:25,
    28:4, 28:5.
THE CLERK 4:6,
    4:9, 35:25,
    36:25.
thinks 22:5,
    22:21, 22:25,
    23:1.
threatened
    33:16.
three 17:20.
throughout
    27:3.
timely 17:25.
timing 17:8.
Title 34:15,
    34:21,
    35:4.
today 4:13,
    8:23, 9:24,
    10:1, 10:2,
    30:5, 34:4.
trafficking
    32:18.
Transcript
    1:17, 1:49,
    37:25.
transcription
    1:50.
transported
    13:2, 13:20,
    14:13,
    15:9.
traveled 12:17,
    12:22, 14:8,
    14:23.
Trial 7:7,
    14:11, 15:2,
    15:17, 26:19,
    26:23, 27:3,
    27:10, 27:21,

28:4, 28:5,
    28:7, 28:16,
    28:22, 28:23,
    29:4, 29:16,
    29:19, 30:2,
    30:7, 30:12,
    30:23, 31:1,
    31:9, 33:20,
    34:1, 34:4.
true 8:4, 8:17,
    11:6, 11:12,
    11:14, 11:16,
    11:19, 11:23,
    20:4,
    36:18.
Tuesday 36:4.
turning
    10:15.
two 5:21,
    18:24.
.
.
< U >.
unanimously
    26:25.
Understanding
    13:7,
    31:17.
understands
    34:25.
understood
    16:10.
United 1:1,
    1:5, 1:19,
    1:43, 2:3,
    2:7, 5:2,
    34:15, 34:22,
    35:4.
unlawful 6:18,
    34:12,
    34:19.
unless 26:8,
    28:10.
until 23:4,
    28:10,
    28:13.
upward 21:21.
.
.
< V >.

valid 4:22.
valuable
  31:11.
various 24:2,
  31:14.
versus 2:3.
view 22:8.
violation
  34:14, 34:21,
  35:4.
voluntarily
  35:1.
voluntary
  4:19.
vote 31:12.
vs 1:8.
.
.
< W >.
waive 28:22,
  29:18,
  29:20.
waived 25:7.
Waiver 25:6,
  26:3, 29:4,
  29:16,
  31:9.
waiving
  34:25.
wanted 24:17.
warning 22:8.
warrant
  11:13.
Washington
  1:11, 1:28,
  1:33, 1:46,
  5:5, 12:4,
  12:24.
ways 19:7.
week 2:17,
  9:24, 20:8,
  37:11.
whether 19:9.
whom 27:15,
  27:24.
will 3:13,
  3:18, 8:1,
  16:15, 16:20,
  18:18, 22:4,
  23:5, 23:7,

23:10, 24:2,
28:22, 28:23,
31:8, 32:14,
33:4,
36:14.
wish 7:7, 10:6,
  29:18, 29:20,
  30:6, 30:8.
wished 27:16,
  27:25.
within 23:25.
without 8:2,
  8:12.
witnesses
  27:11, 27:14,
  27:24.
wondering
  19:9.
words 12:21,
  30:18.
work 36:8.
works 36:6.
write 5:18,
  13:14.
written 6:4.
.
.
< Y >.
year 5:6, 6:20,
  12:6, 15:12,
  34:14,
  34:21.
years 17:5,
  17:11, 17:20,
  24:7,
  25:15.
yesterday
  2:22.